UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| THEODORE STEVIE VARNER, | Civil No. 10-4738 (ADM/FLN) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241. (Docket No. 1.) The case has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that the petition for writ of habeas corpus be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

I. **BACKGROUND**

Petitioner recently was indicted in this District for being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). Petitioner's federal criminal case – <u>United States v. Varner</u>, Crim. No. 10-294 (JNE/FLN) – is pending before District Court Judge Joan N. Ericksen. Petitioner is represented by a federal public defender in

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241. Rule 1(b); <u>Mickelson v. United States</u>, Civil No. 01-1750 (JRT/SRN), (D.Minn. 2002), 2002 WL 31045849 at *2; <u>Bostic v. Carlson</u>, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); <u>Rothstein v. Pavlick</u>, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789 at *3.

that case. He is currently being held as a federal pre-trial detainee at the Anoka County Adult Detention Center in Anoka, Minnesota.

Petitioner filed his current habeas corpus petition on November 24, 2010. The petition lists three grounds for relief, which, repeated verbatim and in their entirety, are as follows:

> "Ground 1: Violation of my 4th Amendment – Right to due process in timely manor [sic].
>
> Ground 2: Violation of my 6th Amendment – The indictment was filed Nov. 1, 2010 which surpassed the 30day time frame from the day of arrest – 18 USC 3161.
>
> Ground 3: Improper medical treatment & support while being held in custody."

(Petition, p. 3, § 9.)

Although Petitioner's claims are not well articulated, it is quite obvious that he is attempting to challenge the legality of his current pre-trial detention. He apparently believes that he should be released from custody because (a) his federal criminal case is not being prosecuted in compliance with his constitutional and statutory rights, (Grounds One and Two), and (b) he has not been afforded proper medical care during his pre-trial confinement, (Ground Three). For the reasons discussed below, the Court finds that none of Petitioner's claims for relief can be entertained in the present habeas corpus action.

## II. DISCUSSION

### A. Criminal Prosecution Claims, (Grounds One and Two)

In Petitioner's first two claims for relief, (Grounds One and Two), he is attempting to challenge the legality of the proceedings in his pending federal criminal case. He seems to be contending that his constitutional rights are being violated in that case, because the

2

case is not being prosecuted properly and expeditiously. As far as the Court can tell, Petitioner is seeking a writ of habeas corpus that would terminate his federal criminal case, and cause him to be released from pretrial detention.

It is well-settled, however, that a federal pretrial detainee cannot use a habeas corpus petition to challenge the proceedings in a pending federal criminal case. Falcon v. U.S. Bureau of Prisons, 52 F.3d 137, 139 (7th Cir. 1995); Whitmer v. Levi, 276 Fed.Appx. 217, 218-19 (3rd Cir. 2008) (unpublished opinion); Hall v. Pratt, 97 Fed.Appx. 246, 247-48 (10th Cir. 2004) (unpublished opinion). Federal courts have consistently held that a federal criminal defendant who seeks to challenge some aspect of an ongoing federal criminal prosecution must bring his claims in the criminal case itself. See Jones v. Perkins, 245 U.S. 390, 391 (1918) ("It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial."). As the Court explained in Whitmer:

> "[C]laims relating to pending criminal charges should have been raised in [the petitioner's] criminal case, not in a habeas petition under 28 U.S.C. § 2241. Where a defendant is awaiting trial, the appropriate vehicle for violations of his constitutional rights are pretrial motions or the expedited appeal procedure provided by the Bail Reform Act, 18 U.S.C. § 3145(b), (c), and not a habeas corpus petition."

276 Fed.Appx. at 219.

The remedy provided by the federal habeas corpus statute, (28 U.S.C. § 2241), cannot be used to undermine, or interfere with, the proceedings in an ongoing federal criminal case. See Falcon, 52 F.3d at 139 ("[i]t seems to us to go far afield to seek habeas corpus relief which could conceivably interfere with the trial judge's control of the criminal case pending before him"); Hall, 97 Fed.Appx. at 247-48 ("[a]llowing federal prisoners to

3

bring claims in habeas proceedings that they have not yet, but still could, bring in the trial court, would result in needless duplication of judicial work and would encourage 'judge shopping'").

In this case, Petitioner obviously is attempting to circumvent or undermine the authority of the presiding judge in his criminal case. He has made no effort to explain why his first two habeas corpus claims could not be presented in a pretrial motion filed in that case.[2] Petitioner certainly has not shown that there are any extraordinary circumstances that would allow him to by-pass the normal procedure for raising the claims that are presented at Grounds One and Two of his current petition. Thus, the Court concludes that Petitioner cannot raise either of his first two claims in a federal habeas corpus petition; they can only be raised in his criminal case.

B. Conditions of Confinement Claim, (Ground Three)

In Petitioner's third claim for relief, he is challenging the conditions of his current confinement. More specifically, he claims that he has not been receiving proper medical care while he has been detained at the Anoka County Adult Detention Center.

However, the federal habeas corpus statutes provide a remedy for prisoners challenging the fact or duration of their confinement -- not the conditions of their confinement. Heck v. Humphrey, 512 U.S. 477, 481 (1994); Preiser v. Rodriguez, 411 U.S. 475, 488-90 (1973); Otey v. Hopkins, 5 F.3d 1125, 1130-31 (8th Cir. 1993), cert. denied, 512 U.S. 1246 (1994). As explained by our Court of Appeals –

---

[2] The Court notes that more than a half dozen motions were filed in Petitioner's criminal case just a week or so ago. Petitioner has failed to explain why his current claims could not be raised in similar motions.

> "If the prisoner is not challenging the validity of his conviction or the length of his detention, such as loss of good time, then a writ of habeas corpus is not the proper remedy. [Citation omitted.]... Where petitioner seeks a writ of habeas corpus and fails to attack the validity of his sentence or the length of his state custody, the district court lacks the power or subject matter jurisdiction to issue a writ."

Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam).

In several recent cases, Judges in this District have confirmed that a federal prisoner who is challenging the conditions of his confinement, rather than the fact or duration of his confinement, can<u>not</u> bring his claims in a § 2241 habeas corpus petition, but must instead bring his claims in a non-habeas civil complaint. See Taylor v. Roal, Civil No. 10-3588 (PJS/JJG), (D.Minn. 2010), 2010 WL 4628634; Shinault v. Roal, Civil No. 10-3575 (MJD/FLN), (D.Minn. 2010), 2010 WL 3926874.

Here, Petitioner's third claim for relief does not challenge the legality of his confinement per se; but rather, Petitioner is challenging only the manner in which he is being treated during his confinement. Because Petitioner is challenging the <u>conditions</u> of his confinement, rather than the fact or duration of his confinement, his third claim for relief cannot be brought in a habeas corpus petition.[3]

## III.   CONCLUSION

For the reasons discussed above, the Court finds that none of Petitioner's current

---

[3] The Court is not suggesting that there is no legal recourse available for the type of claim that Petitioner is attempting to bring in Ground Three of his petition. If he believes that his rights under federal law or the Constitution have been violated by someone acting under color of state or federal law, he may be entitled to seek relief in a non-habeas civil action. (Indeed, it appears that Plaintiff has already commenced such an action. See Varner v. Anoka County Sherriffs [sic] Department, Civil No. 10-4739 (ADM/FLN).) But again, Petitioner cannot challenge the conditions of his confinement in a habeas corpus action.

claims for relief can properly be raised in a habeas corpus petition.  Petitioner's first two grounds for relief, which challenge the legality of his pending criminal prosecution, must be raised in his criminal case – not in a separate habeas case.  Petitioner's third ground for relief, which challenges the conditions of his confinement, can be raised only in a non-habeas civil action.  Thus, the Court concludes that the present petition must be summarily dismissed in its entirety.

Because Petitioner's current claims will not be decided on the merits in this action, the dismissal of this action should not preclude Petitioner from raising his claims again in a proper setting – i.e., in Petitioner's criminal case, (for the claims presented in Grounds One and Two), or in a non-habeas civil action, (for the claim presented in Ground Three). The Court will therefore recommend that this action be dismissed without prejudice.

Finally, having determined that this action must be summarily denied, the Court will further recommend that Petitioner's pending application for leave to proceed in forma pauperis, ("IFP"), be summarily denied.  See 28 U.S.C. § 1915(e)(2)(B)(ii); see also, Kruger, 77 F.3d at 1074, n. 3 (IFP application should be denied where habeas petition cannot be entertained).

## IV. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241, (Docket No. 1), be **DENIED**;

claims for relief can properly be raised in a habeas corpus petition.  Petitioner's first two grounds for relief, which challenge the legality of his pending criminal prosecution, must be raised in his criminal case – not in a separate habeas case.  Petitioner's third ground for relief, which challenges the conditions of his confinement, can be raised only in a non-habeas civil action.  Thus, the Court concludes that the present petition must be summarily dismissed in its entirety.

Because Petitioner's current claims will not be decided on the merits in this action, the dismissal of this action should not preclude Petitioner from raising his claims again in a proper setting – i.e., in Petitioner's criminal case, (for the claims presented in Grounds One and Two), or in a non-habeas civil action, (for the claim presented in Ground Three). The Court will therefore recommend that this action be dismissed without prejudice.

Finally, having determined that this action must be summarily denied, the Court will further recommend that Petitioner's pending application for leave to proceed in forma pauperis, ("IFP"), be summarily denied.  See 28 U.S.C. § 1915(e)(2)(B)(ii); see also, Kruger, 77 F.3d at 1074, n. 3 (IFP application should be denied where habeas petition cannot be entertained).

## IV.  RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241, (Docket No. 1), be **DENIED**;

2. Petitioner's application for leave to proceed in forma pauperis, (Docket No. 2), be **DENIED**; and

3. This action be summarily **DISMISSED WITHOUT PREJUDICE**.


Dated:   December 1  , 2010

                                           *S/ Franklin L. Noel*
                                           FRANKLIN L. NOEL
                                           United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **December 15, 2010**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.